Wyly, J.
This is a controversy under the intrusion act, for the office of City Attorney of New Orleans. On fifth December, 1874, the defendant, B. F. Jonas, was elected by the City Council, and on the same day H. H. Walsh, who is joined as co-plaintiff, was appointed by the Governor.
*180 The court, on the verdict of a jury, gave judgment for the defendant, and plaintiffs appeal.
The term of office is two years. At the beginning of a term power to fill the office by election is vested in the City Council. Section thirty-one of act No. 7 of acts of 1870. If a vacancy occurs, from any cause, power to fill it is confided to the Governor. Revised Statutes, section 1577.
The important question is: When did the term of office, begin ?
If in November, 1874, the election of Jonas by the council, on the fifth of December, the first regular session after-its own election, conferred title on him.
If, on the other hand, the term began in April, 1874, when George S. Lacey, the late -incumbent, was appointed, then his resignation on the fifth of December, 1874, created a vacancy, which was properly filled by the Governor, when he appointed H. H. Walsh. •
As there is much confusion in the charter of 1870 in regard to the beginning of the terms of the several offices therein mentioned as continuing for the period of two years, it becomes necessary to examine several sections of said charter, being act No. 7 of acts of 1870. It was approved on sixteenth March, 1870. Section four provides that the government of the city of New Orleans shall be vested in a mayo*- and seven administrators, naming them; “and said mayor and administrators shall be appointed or elected as hereinafter provided and shall form the council of the city of New Orleans. The Governor shall, by and witli the advice and consent of-the Senate, appoint the mayor and the seven administrators, who shall hold their offices until the first Monday of November, 1870, or until their successors are elected and qualified.” It further provides for an election on that day.
Section six provides: “ That on the second Monday following the day of their appointment or election the council shall hold its first meeting in the city hall, at which the mayor and administrators of department elect, having presented and filed their certificates of election and qualification, as herein- provided, shall enter upon the discharge of their duties as specified in this act, and their predecessors shall turn over to them all books, papers, property, money, and accounts pertaining to their offices and to the city of New Orleans.”
Section eight provides what shall be the duties of the mayor; also that ‘rhis term of office, when elected, shall be for two years.” * * The charter also fixes the term of office of the administrators at two years.
Section thirty-one provides: “ That it shall be the duty of the council at its first regular meeting after its induction into office, or as soon thereafter as practicable, to elect a secretary, whose duties shall *181 be, etc. Also a city attorney, learned in the law, who shall be the legal adviser of the corporation, etc. * * * He shall hold his office for a term of two years, unless sooner.removed as provided for in this act. * * * Also a city surveyor, whose duty it shall be, etc. * * He shall hold his office for two years, unless sooner removed as provided in this act. * * * Also six recorders, one for each district, whose duties, etc. * * * Such recorders shall hold their offices for a term of two years, unless sooner removed as herein provided for in this act, etc.” * * *
It thus appears that a term of two years has been fixed as the period of duration for the offices of mayor, administrators, city attorney, surveyor, and recorders. The mayor and administrators are to be elected on the first Monday of November biennially. On the second Monday following their election “the council shall hold its first meeting in the city hall, at which the mayor and administrators of department elect, having presented their certificates of election and qualification, as herein provided, shall enter upon the discharge of their duties as specified in this act, and their predecessors shall turn over to them the books, papers,” etc.
By express provision of section thirty -one it is made the duty of “the council at its first regular meeting after its induction into office, or as soon thereafter as practicable, to elect a secretary. * * •* Also a city attorney, learned in the law, etc. * * * He shall hold his office for a term of two years,” etc: * * * That the intention of the law is, the city attorney must be elected biennially by the council, can not be doubted,- and that his term of office is two years is clearly stated in the charter.
The theory of plaintiff is that the term began first in April, 1870, when the city government was organized under the charter approved sixteenth March, 1870. Therefore the first term expired in April, 1872, the second in April, 1874, and the third will expirein April, ¡876. Consequently, when George S. Lacey, who was appointed on thirteenth April, 1874, resigned, a vacancy was created which, under Revised Statutes, section 1577, the Governor properly filled in appointing Walsh, December 5, 1874. The difficulty about this theory is, the council can only elect a city attorney for the first term, and after that can not exercise the power of election, which the statute doubtless intended it to employ biennially, because in the precise language of section thirty-one, creating the office, it is made the duty of “ the council at its first regular meeting after its induction into office, or as soon thereafter as practicable,” to elect a city attorney,- and under section six the first regular meeting is fixed on the second Monday following the day of the election of the council, to wit: the third *182 Monday of November. Under the law the council, therefore, can only elect a city attorney on the third Monday of November, or as soon thereafter as practicable; and unless the term expires biennially at that time, how can this duty be performed by the council ?
Construing all the sections together with a view to give effect, if possible, to every part of the law, we conclude that the government established when the charter went into operation, in. April, 1870, was a temporary organization, and that the permanent organization began after the election of the mayor and administrators on the first Monday of November, 1870; also, that the language fixing the terms of the various offices was used with reference to the permanent organization of the city government.
The term of office of the mayor and administrators began on the first Monday of November, and continued but two years. That of the city attorney, the surveyor, and the recorders began on the third Monday of November, being at the first regular meeting of the council after its induction into office, at which time the law required these offices to be filled by an election for two years. Under this construction full effect can be given to that provision of the charter making it the duty of the council to elect a city attorney at the first regular meeting after its induction into office. This could not be done if the term of office began with the temporary organization in April, 1870, and continued for two years. Where the law makes it the duty of the council to perform an act at a certain regular meeting occurring on the third Monday of November biennially, the presumption is there was contemplated a circumstance which shall renderthe act necessary, and in this case that circumstance was the contemplated vacancy occurring in the office of city attorney by reason of the expiration of the term thereof. The law clearly contemplated a vacancy and the beginning of a new term at the time it required .the council to elect a city attorney for a term of two years.
It would be absurd to say that the law intended the council to perform a duty at a particular time biennially and at the same time meant that that duty could not then be performed. The council could not elect a city attorney at the first regular meeting after its induction into office so that he could hold his office for two years, unless it was the beginning of a term. And as before remarked, it could not elect at all if the theory of plaintiff be correct, that the term of said office expires biennially in April; because there would never be a vacancy the council could fill at the first regular meeting after it was elected and inducted into office.
Judgment affirmed.